The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. This action is a claim for damages under the State Tort Claims Act (N.C. Gen. Stat. § 143-291, et seq.)
2. On Friday, March 18, 1994, at approximately 4:15 p.m., Dr. Thomas B. Daniel fell on Level 4 of the parking deck at UNC Memorial Hospital in Chapel Hill, North Carolina.
3. The parties further stipulated that certain items could be received into evidence without further identification or proof, and such items were, in fact, received into evidence, and include the following.
 a) UNC Hospital records, consisting of seven (7) pages — 03/18/94.
 b) Raleigh Orthopaedic Clinic records, consisting of four (4) pages — 03/19/94 — 11/28/94.
 c) Rex Hospital records, consisting of eighty-nine (89) pages — 03/19/94 — 03/21/94.
 d) HORA records, consisting of five (5) pages — 03/28/94 — 05/11/94.
 e) Raleigh Neurology records, consisting of twenty-two (22) pages — 01/11/95 — 05/11/95.
 f) Raleigh Neurosurgical Clinic records, consisting of four (4) pages — 02/13/95 — 08/03/95.
 g) Medical bills incurred for treatment rendered by the medical providers listed in Items A-F, above, consisting of eleven (11) pages and totaling $11,356.89.
 h) Six (6) photographs of plaintiff, consisting of three (3) pages.
 i) UNC-CH Public Safety Department Incident/Investigation Report, consisting of two (2) pages.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, Dr. Thomas B. Daniel, is a citizen and resident of the State of North Carolina and was a citizen and resident of the State of North Carolina on March 18, 1994.
2. Plaintiff is neither an infant nor an incompetent.
3. Defendant UNC-Chapel Hill is an institution of the State of North Carolina.
4. Mary Fox, who was employed by defendant UNC-Chapel Hill at the time of this accident, was the person directly responsible for the maintenance of the parking deck in question and was directly responsible for keeping the parking deck in a reasonably safe condition and warning pedestrians of any defects in the parking deck.
5. On Friday, March 18, 1994, plaintiff had visited his wife at UNC Memorial Hospital in Chapel Hill, North Carolina, where she was a patient.
6. At approximately 4:15 p.m., plaintiff left his wife's room and walked from the hospital to the parking deck where his car was parked.
7. Plaintiff took the pedestrian skywalk from the hospital to the parking deck.
8. As plaintiff proceeded to the parking deck, it was his intent to use the elevator in the parking deck to take him to the floor where his car was parked.
9. The pedestrian walkway and elevators are separated by an open doorway, depicted on the photographs provided by plaintiff.
10. As plaintiff approached the elevator entrance on the fourth floor of the parking deck, plaintiff's toe caught on a metal threshold, and he fell forward onto his right arm and right elbow.
11. Plaintiff was taken by emergency personnel from the parking deck to the emergency room at North Carolina Memorial Hospital, where he underwent treatment for a broken elbow.
12. On the day following the accident, plaintiff sought additional treatment from Raleigh Orthopaedic Clinic. Plaintiff underwent open reduction surgery of his right arm with implantation of a rod and screw into his right arm to repair the broken elbow.
13. Plaintiff was required to stay in Rex Hospital from March 19 through March 22, 1994.
14. Plaintiff underwent several weeks of follow-up treatment for his broken elbow following the accident.
15. Plaintiff has sought treatment with a neurologist and a neurosurgeon following the accident because of complaints of numbness in the fingers of his right hand.
16. Plaintiff has been rated by Dr. Ark of Raleigh Orthopaedic Clinic as having a five percent (5%) impairment of his right arm due to the loss of extension and a four percent (4%) impairment of his right arm due to the loss of flexion, all as a result of the March 18, 1994 accident.
17. Plaintiff has incurred medical bills as a result of the injuries received in this accident totaling $11,356.89.
18. Defendant installed the metal threshold at the place where the accident took place after the construction of the parking deck had been completed. The metal threshold was originally installed to cover a gap in the concrete between the pedestrian walkway and the elevator tower that defendant perceived to be a hazard to pedestrians.
19. In answer to plaintiff's interrogatories to defendant, defendant indicated that Mary Fox, an employee of defendant, was the person responsible for the maintenance and upkeep of the threshold where the accident happened.
20. The metal plate that was installed by defendant was raised up one-eighth (1/8) to one-fourth (1/4) inch from the concrete floor.
21. Screws that had been used to attach the metal plate to the concrete floor had, some time prior to this accident, worked their way out of the concrete and were non-existent at the time of the accident.
22. A reasonable view of the metal threshold from the eye level of a pedestrian such as plaintiff would not reveal that the metal plate was raised from the concrete floor.
23. A reasonable inspection of the metal plates by maintenance personnel of defendant would have revealed the dangerous condition of the metal plate. Defendant could not produce any inspection records covering the period prior to the accident.
24. Photographs of similar metal plates on other floors of the parking deck indicated that tape had been placed over those metal plates.
25. There was no tape over the metal plate located on the fourth floor where this accident happened.
26. There was no warning sign indicating that the metal plate was raised at the place where this accident happened.
27. There was no bright tape or other type warning located on the metal plate indicating that it was raised to a different level than the concrete floor at the place where this accident took place.
28. At the time of the accident, plaintiff was walking with his eyes open and was looking to his direct front and was not impaired by the suitcase he was carrying or by any other object.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The N.C. Industrial Commission has jurisdiction over the parties and the subject matter of this action.
2. Plaintiff was an invitee of defendant at the time of this accident.
3. Defendant failed to exercise due care in the performance of their legal duty owed to plaintiff under the circumstances by allowing the metal plate to become detached and raised from one-eighth (1/8) to one-fourth (1/4) inch above the concrete floor. Defendant failed to exercise due care in the performance of their legal duty owed to plaintiff under the circumstances by failing to inspect the metal plate in question and thereby determining that it posed a hazard to plaintiff and other pedestrians.
4. Defendant failed to exercise due care in the performance of their legal duty owed to plaintiff under the circumstances by failing to warn plaintiff and other pedestrians of the hidden defect of the metal plate.
5. Plaintiff was reasonably careful in the manner in which he walked from the pedestrian walkway to the elevator area and was exercising reasonable care for his own safety at the time of this accident.
6. Defendant's negligence was the proximate cause of plaintiff's injuries.
 * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 O R D E R
It is ORDERED that plaintiff have and recover of defendant the sum of thirty-five thousand dollars ($35,000.00) as a reasonable compensation for the injuries he received on March 18, 1994, and that the costs of this action be taxed against defendant.
This 21st day of March 2000.
 S/
BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/
LAURA K. MAVRETIC COMMISSIONER
S/
RENÉE C. RIGGSBEE COMMISSIONER